Schaeffer & Davidowitz, Inc., Respondent, *v.* Leo Weiss, Appellant, Impleaded with Max Taigman, Defendant.

First Department, May 10, 1929.

*Stanley Osserman* of counsel [*Harold H. Straus*, attorney], for the appellant.

*Albert Wald*, for the respondent.

McAvoy, J. At Special Term an order was made denying defendant's motion for judgment on the pleadings. The complaint purports to state an action in conversion. The substantial allegation with respect thereto is that the Elsie Hat Co., Inc., plaintiff's assignor, and the defendant Weiss made an agreement whereby Weiss contracted to pay and did pay to a receiver in bankruptcy of the Elsie Hat Co., Inc., the sum of $3,000, and under the agreement defendant was to receive and did receive certain assets of the Elsie Hat Co., Inc., including 8,600 dozen of hats which were then in bond. The agreement further provided that if the Elsie Hat Co., Inc., should pay the defendant the sum of $4,000 the hats were to be returned to it, the payments to be made in weekly installments of $80 and to begin September 1, 1922.

It is alleged that the plaintiff's predecessor in title paid to the defendant Weiss the sum of $4,000, and that the last payment was made on the 13th of August, 1923; that, from time to time,

as the payments were made, Weiss released a portion of the hats, but on the 13th of August, 1923, there still remained in Weiss' possession 5,500 dozen of hats that had been delivered to him by the Elsie Hat Co., Inc., and that they were of the value of $16,500 above the duty required to release them from the customs bond.

After alleging that there is a lien upon the hats by way of an assignment for a loan, it is alleged that on the payment of the $4,000 being made to Weiss the plaintiff demanded of him delivery of the hats, but that Weiss wrongfully refused to make delivery and has wrongfully taken possession and converted the same to his own use, and that there is due as damages the sum of $9,000, being the balance after a payment on account of $7,500.

The agreement under which the hats were transferred to Weiss in consideration of the $3,000 is an ordinary bill of sale whereby the Elsie Hat Co., Inc., then in bankruptcy, sold to Weiss all of the chattels and assets of the Elsie Hat Co., Inc., in possession of the receiver, which were located in premises 120 Wooster street, city of New York, and in a warehouse, but warehouse receipts for which were in possession of the receiver.

On the face of the complaint, as well as from the recital of the bill of sale which was described in a bill of particulars given by the plaintiff, it appears that at the time the agreement was entered into the Elsie Hat Co., Inc., was in bankruptcy. As the assets, which are the subject of this action, were under the control of the bankruptcy court, all the property rights of the debtor were then in abeyance until the final adjudication. If that were found in favor of the bankrupt, its rights would be revived and would again be in full force. At the time the property was subject to the control of the court, the person against whom the petition was filed, plaintiff's predecessor in title, could not make any legal disposition of it. The jurisdiction of the bankruptcy court over the assets is described as a jurisdiction so far *in rem* that the assets are regarded as in *custodia legis* from the filing of the petition as though it were an attachment or injunction. The receiver, as an officer of the court, has possession thereof, and no right remains in the bankrupt until revested in him by a decision in his favor on final adjudication. There is nothing, therefore, in the complaint or the bill of particulars which shows that the title and interest in these assets, the subject of this action for conversion, were held when transferred to plaintiff by its predecessor in title, the Elsie Hat Co., Inc. No facts are shown by which it can be determined or inferred that plaintiff's predecessor ever obtained the right to possession of these assets after bankruptcy by reason of any

adjudication or retransfer of same. At the time of the alleged transfer the Elsie Hat Co., Inc., had no right, title or interest to convey in the assets to defendant Weiss, and consequently the pleading is defective in this respect and the complaint should be dismissed with leave to plead over on payment of costs.

The order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with leave to the plaintiff to serve an amended complaint within twenty days upon payment of said costs.

Dowling, P. J., and Merrell, J., concur; Finch and O'Malley, JJ., dissent.

O'Malley, J. (dissenting). I dissent and vote to affirm the order. We are concerned with a matter of pleading which is entitled to every reasonable and fair intendment. The agreement in question may not, upon its face, be said to be void or illegal. The receiver in bankruptcy, an officer of the court, must be presumed to have performed his duty and not to have acted without authority. Moreover, it was he who received the consideration and the estate of the bankrupt was enriched to the extent thereof. We may not say that authority for the transaction in question was not secured from the court after application duly made. Moreover, the defendant here, a pledgee or vendee, should not be permitted to question the title of the pledgor or vendor in the absence of proof of illegality or a claim by a third party. If there were such in the transaction, it should have been raised by way of defense. The defendant has the money and he also has the hats.

Finch, J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with leave to the plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.